IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES C. VAUGHN #107390, )<br>)<br>Plaintiff, )<br>) NO. 3:21-cv-00370<br>v. )<br>) JUDGE RICHARDSON<br>KIM JUDY, et al., )<br>)<br>Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Charles Vaughn, an inmate at the Dickson County Jail in Charlotte, Tennessee, filed a pro se civil rights complaint under 42 U.S.C § 1983 (Doc. No. 1), an application to proceed as a pauper (Doc. No. 5), a motion for jury trial (Doc. No. 4), and an incomplete form consenting to have a Magistrate Judge conduct all proceedings in this case (Doc. No. 7). This action is before the Court for an initial review of the Complaint and a ruling on the pending motions.

### I.  Application to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 5) is accompanied by a certified copy of his inmate trust account statement (*id.* at 3–6) reflecting that he is unable to pay the full filing fee in advance. Accordingly, the application (Doc. No. 5) will be granted and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II.  Initial Review

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se

pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Factual Allegations

Liberally construing the Complaint (Doc. No. 1) and a supplemental notice (Doc. No. 6), the Court has established the following summary of factual allegations for the purpose of conducting an initial review.

Plaintiff, a stage 4 cancer patient with a ureteral stent, was incarcerated at the Dickson County Jail on October 29, 2020. (Doc. No. 6 at 1–2.) During intake, Plaintiff provided information on his ailments, doctors, and ongoing medical treatment. (*Id.* at 1.) Kim Judy, a charge nurse employed by Southern Health Partners at the Jail, reviews medical intake forms. (*Id.* at 1–2.) Judy "set up and honor[ed] [Plaintiff's] cancer treatments of immunotherapy," but she cancelled a surgery to change Plaintiff's stent scheduled for November 23, 2020. (*Id.*) Judy stated that she did so because "an inmate isn't supposed to know his surgery dates." (*Id.*) Judy told Plaintiff that she would reschedule the surgery, but she has not done so. (*Id.*)

After November 23, 2020, Plaintiff's stent "was becoming painful from not having" the surgery. (*Id.* at 2.) He describes the pain as "intense." (Doc. No. 1 at 5.) On December 1, Plaintiff submitted a "pain management request." (Doc. No. 6 at 1–2.) Judy continued to deny Plaintiff treatment and prevented him from ordering over-the-counter pain relief pills. (Doc. No. 1 at 5; Doc. No. 6 at 2.) Plaintiff then showed Judy copies of his medical records, lab results, and CT scans to demonstrate that the previously scheduled surgery was medically necessary. (Doc. No. 6 at 2.) Judy claimed to be "taking care of it," but she did not reschedule the surgery. (*Id.*)

2

On February 8, 2021, Judge David Wolfe[1] signed an "Emergency Transport Order" for Plaintiff to be housed in a hospital facility, but he remained at the Jail. (*Id.*) Since that time, Plaintiff has developed Hydronephrosis—a condition described by Plaintiff as the kidney "drown[ing]." (Doc. No. 1 at 5). Plaintiff also alleges that his stent became encrusted to the ureter and he developed a kidney infection. (*Id.*; Doc. No. 6 at 2.) Plaintiff alleges that the denial of medical treatment caused him "diminished life expectancy." (Doc. No. 6 at 3.)

Plaintiff's family called the Jail to complain, and Plaintiff filed grievances on April 6 and 20, 2021. (*Id.* at 2–3.) The Sheriff and Captain told Plaintiff that they thought the surgery was set, and Judy claimed it was not her responsibility. (*Id.* at 3.)

Plaintiff sues Kim Judy, Southern Health Partners, and Dickson County. (Doc. No. 1 at 2–3.) He requests monetary damages (*id.* at 5) and "waiver of service." (Doc. No. 6 at 3.)

**B.     Standard of Review**

To determine whether a Complaint "fails to state a claim on which relief may be granted" under the applicable standards, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal

---

[1] The Court takes judicial notice that Judge Wolfe is a Circuit Court Judge in Dickson County. *See* TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS, https://www.tncourts.gov/courts/circuit-criminal-chancery-courts/judges/david-dee-wolfe (last visited May 28, 2021); Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### C. Discussion

"There are two elements to a [Section] 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citing *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)).

#### 1. Capacity of Defendants

Before addressing the substance of Plaintiff's claims, the Court must address a procedural issue. Plaintiff checked a box on the Complaint reflecting that he sues all three Defendants in their official capacities, and he left the box for "individual capacity" unchecked. (Doc. No. 1 at 2–3.) For Southern Health Partners and Dickson County, this distinction is of little importance, as an individual-capacity framework is inappropriate for claims against private entities and municipalities. *See Wildbur v. Trousdale Cnty. Comm'r*, No. 3:21-cv-00212, 2021 WL 1405480, at *2 (M.D. Tenn. Apr. 14, 2021). Thus, Plaintiff's claims against these two Defendants will be addressed alongside Plaintiff's official-capacity claims below. But for Kim Judy, this distinction matters, because an individual-capacity claim "may attach personal liability to [Judy], whereas [an official-capacity claim] may attach liability only to the" entity Judy represents. *See Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985)).

"However, a plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" individual-capacity claims. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir.

4

2003). The Court "employ[s] a 'course of proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." *Id.* (citing *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)). In doing so, the Court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Goodwin v. Summit Cnty.*, 703 F. App'x 379, 382 (6th Cir. 2017) (quoting *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)).

Here, the nature of Plaintiff's claim against Kim Judy is that she personally denied him medical treatment. (Doc. No. 1 at 4 ("Kim Judy denied me medical treatment.").) The caption of the Complaint also refers to Judy by name rather than official title (*id.* at 1), and Plaintiff requests compensatory damages (*id.* at 5). These factors all reflect that the Complaint provides sufficient notice to Judy of her potential individual liability. *See Moore*, 272 F.3d at 773. And "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against [Judy] individually," the Sixth Circuit has counseled that "this doubt should be resolved in [Vaughn's] favor as a pro se plaintiff." *Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)). Accordingly, the Court will consider this action as being brought against Judy in both her individual and official capacity.

    **2.    Individual-Capacity Claim**

Plaintiff alleges that he received inadequate medical care.[2] An inmate's claim for inadequate medical care has "both an objective and a subjective component. The objective

---

[2] Plaintiff alleges that he did so as both a pretrial detainee and a "convicted, not sentenced" prisoner (Doc. No. 1 at 4), but that distinction in status is irrelevant here because the Sixth Circuit applies "the same 'deliberate indifference' framework to Eighth-Amendment claims brought by prisoners as Fourteenth-Amendment claims brought by pretrial detainees." *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 567 (6th Cir. 2020) (collecting cases).

5

Case 3:21-cv-00370 Document 8 Filed 06/01/21 Page 5 of 9 PageID #: 38

component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, accepting Plaintiff's allegations as true, as required at this stage in the proceedings, Plaintiff satisfies the objective component by alleging that he had a documented kidney issue requiring surgery at the time he arrived at the Dickson County Jail, and that he experienced intense pain and complications after Judy cancelled this surgery. *See Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)) ("A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"). And by alleging that Judy personally reviewed his medical intake forms, cancelled the surgery, denied requested treatment and pain relievers, saw further medical documentation, and never rescheduled the surgery, Plaintiff also alleges that Judy was aware of and deliberately disregarded his serious medical needs. Accordingly, Plaintiff has stated a claim for denial of adequate medical care against Defendant Judy in her individual capacity.

### 3. Official-Capacity Claims

Plaintiff's official-capacity claim against Defendant Judy is essentially a claim against Southern Health Partners, her alleged employer. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky*, 473 U.S. at 165) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). And because Southern Health Partners itself is named as

6

Case 3:21-cv-00370 Document 8 Filed 06/01/21 Page 6 of 9 PageID #: 39

a Defendant, Plaintiff's official-capacity claim against Judy will be dismissed as redundant. *See Jackson v. Shelby Cnty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008) (affirming dismissal of redundant official-capacity claims).

To state a claim against a private entity like Southern Health Partners, or a governmental entity like Dickson County, Plaintiff must allege that the asserted constitutional deprivation he suffered was directly caused by a policy or custom. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)) (private entity); *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)) (municipality). Each entity can only be liable for a policy or custom "*of that [entity]*, rather than a policy or custom of" another entity. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citations omitted) (noting the distinction between a policy or custom of a municipality, and a policy or custom of a private contractor).

Liberally construing the Complaint, the Plaintiff makes allegations from which the Court can reasonably infer a policy or custom attributable to both Southern Health Partners and Dickson County. As to Southern Health Partners, Plaintiff alleges that Judy cancelled his scheduled stent replacement surgery because "an inmate isn't supposed to know his surgery dates." He also alleges that, although Judy initially assured him that she would reschedule the surgery, she would later claim it was not her responsibility. Drawing all reasonable inferences in Plaintiff's favor, the Court construes this as an allegation that Southern Health Partners has a policy or custom of authorizing certain employees to cancel, but not reschedule, medically necessary treatment for inmates.

As to Dickson County, Plaintiff alleges that he was not transported to a hospital facility following Judge Wolfe's "Emergency Transport Order" on February 8, 2021. And by alleging that the Sheriff told Plaintiff, after that date, he thought the surgery was set, Plaintiff also alleges that

7

the Sheriff was personally aware of his continued presence at the Jail. Again, drawing all reasonable inferences in Plaintiff's favor, the Court construes this as an allegation the Sheriff, an individual with decision making authority for the Jail, ratified the Jail's failure to comply with Judge Wolfe's order. *See Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)) (noting that one type of policy or custom is where "an official with final decision making authority ratified illegal actions"); *Shorts v. Bartholomew*, 255 F. App'x 46, 52 (6th Cir. 2007) (citation and footnote omitted) (finding that under Tennessee law, "the Sheriff is the final policymaker over the operation of the jail").

For the purpose of initial review, the Court concludes that Plaintiff has adequately alleged that these policies or customs caused the asserted deprivation of adequate medical care. Thus, at this early stage in the proceedings, the Court concludes that Plaintiff states arguably non-frivolous claims for denial of adequate medical care against Southern Health Partners and Dickson County.

### III. Motion for Jury Trial

Plaintiff filed a separate motion requesting a jury trial. (Doc. No. 4.) "A jury-trial demand must be made within fourteen days after the last pleading directed to the issue was served." *Witherspoon v. Thibault*, No. 17-1812, 2018 WL 7046896, at *2 (6th Cir. July 27, 2018). Here, service is yet to occur, so Plaintiff's demand for a jury trial is timely. Accordingly, this motion will be granted.

### IV. Incomplete Consent Form

Finally, the Court notes that Plaintiff returned the form consenting to have a Magistrate Judge conduct all proceedings in this case. (Doc. No. 7.) In clear writing at the bottom of this form, however, it states: "**DO NOT FILE THIS FORM UNLESS ALL PARTIES CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE.**" (*Id.*) Because only Plaintiff signed this

form, it is currently incomplete, and this case will not be referred to the Magistrate Judge to conduct all proceedings at this time.

## V. Conclusion

For these reasons, Plaintiff's application to proceed as a pauper (Doc. No. 5) and motion requesting a jury trial (Doc. No. 4) will be granted. The Court concludes that Plaintiff states arguably non-frivolous claims for denial of adequate medical care against Kim Judy in her individual capacity, Southern Health Partners, and Dickson County. Plaintiff's official-capacity claim against Judy will be dismissed. This action will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order, including overseeing service of process. Thus, Plaintiff may raise any concern he has regarding service (*see* Doc. No. 6 at 3) with the Magistrate Judge.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE