IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES C. VAUGHN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DICKSON COUNTY, ET AL )<br>    Defendants. ) | Civil Action No. 3:21-cv-00370<br>Judge Richardson/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Pending before the Court is the Defendants' Motion for Summary Judgment filed on March 30, 2022. Docket No. 44. The Plaintiff has not responded to the motion for summary judgment. For the reasons set forth herein, the undersigned recommends that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** and the Defendants' motion be **DENIED AS MOOT.**

### II. BACKGROUND

The Plaintiff, Charles C. Vaughn, a pro se prisoner, filed his original Complaint in this matter on May 10, 2021. Docket No. 1. After initial review the Court concluded that Plaintiff had stated non-frivolous claims for denial of adequate medical care against Kim Judy in her individual capacity, Southern Health Partners, and Dickson County. (Docket No. 8). Plaintiff's official-capacity claim against Judy was dismissed. *Id.* The Plaintiff filed an Amended Complaint on June 1, 2021. Docket No. 10. On June 2, 2021, the Court issued an Order appointing the pro se Plaintiff an attorney from the civil appointments panel and denying Plaintiff's motion to amend the complaint (Docket No. 10) without prejudice to be refiled by counsel if appropriate. Docket No. 11.

On March 24, 2022, Plaintiff's appointed counsel filed a motion to withdraw as counsel of record. Docket No. 42. On April 25, 2022, the Plaintiff's appointed counsel filed a Motion for Extension of Time to Respond to Dispositive Motion. Docket No. 47. On May 10, 2022, the Court entered an Order granting plaintiff's counsel motion to withdraw (Docket No. 42) and granted Plaintiff's motion for extension of time to respond to the motion for summary judgment (Docket No. 47) giving Plaintiff until June 10, 2022 to respond to the Motion for Summary Judgment (Docket No. 48). On July 22, 2022, Plaintiff filed another motion for extension of time to respond to Defendants' motion for summary judgment. The Court granted the motion allowing Plaintiff until September 1, 2022, to respond to the Defendants' motion for summary judgment. Docket No. 53. Plaintiff was forewarned that this would be the final extension of time and that failure to respond to the motion could result in his claims be dismissed for failure to prosecute pursuant to Rule 41(b) or for the reasons asserted in the Motion for Summary Judgment. *Id.*

### III. LAW AND ANALYSIS

It is well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980).

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to

dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements

3

that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

**B.     The Case at Bar**

The Plaintiff filed this action on May 10, 2021. Docket No. 1. Defendants filed a Motion for Summary Judgment on March 30, 2022. Docket No. 44. The Plaintiff filed two motions for extension of time to respond to the motion for summary judgment. Docket Nos. 47 and 51. The Court issued an order on July 28, 2022, instructing Plaintiff that he had until September 1, 2022 to respond to the motion for summary judgment. Docket No. 53. Plaintiff was also forewarned that this would be last extension of time to respond to Defendants' motion for summary judgment and that failure to respond would result in his claims being dismissed for failure to prosecute under Rule 41(b) or for the reasons stated in the motion for summary judgment. *Id.*

The undersigned finds that dismissal under Rule 41(b) Fed. R. Civ. P. is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders.

With respect to the first factor, Plaintiff has failed to take any action to advance this litigation. Plaintiff failed to respond to the pending motion for summary judgment (Docket No. 44) or the Court's order granting the final extension of time to respond to the Motion for Summary Judgment (Docket No. 53). The Plaintiff has taken no action with respect to this litigation even after he was forewarned that failure to respond could result in his claims being dismissed. These failures show willfulness or fault.

As to the second factor -prejudice to the defendants- they have been parties to this litigation notwithstanding Plaintiff's failure to take action. A "defendant cannot be expected to defend an action, that Plaintiff has apparently abandoned, not to mention the investment of time and resources expending to defend this case." *Miles v. Sheffield*, 2009 WL 3497794, at *2 (E. D. Mich. October 28, 2009)(internal quotations marks and citations omitted). All parties have a right to a just and prompt resolution to their cases. The failure to advance litigation, as the Plaintiff has here, prejudices the parties and reflects the type of situation where the Court should intervene.

The third and fourth factors likewise weigh in favor of dismissal. Here, the Plaintiff was warned that his failure to cooperate in this litigation could result in a recommendation that his case be dismissed. Likewise, the less drastic sanction of dismissal without prejudice is appropriate here. Plaintiff has failed to explain why he has not responded to Defendant's motion for summary judgment or done anything to advance this litigation in that time period. Dismissal

5

Case 3:21-cv-00370  Document 54  Filed 09/09/22  Page 5 of 6 PageID #: 399

without prejudice is even more appropriate in this case given that the pleadings reflect that Mr. Vaughn suffers from serious medical conditions and the motions for extension of time indicate that he has been under hospice care and bed ridden. It may well be that Mr. Vaughn is unable to respond or participate in the litigation due to the severity of his medical conditions. Therefore, dismissal without prejudice seems particularly warranted under these circumstances.

Because all four factors weigh in favor of dismiss the undersigned recommends that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. The undersigned also recommends that Defendant's Motion for Summary Judgment (Docket No. 44) be **DENIED as MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**